**Patricia LaPLANT, Parent, Guardian and Next Friend of Marten LaPlant; Bradley LaPlant, Parent, Guardian and Next Friend of Marten LaPlant, Plaintiffs–Appellants,**

v.

**UNITED STATES of America Defendant–Appellee,**

v.

**Travis D. Loring, Third Party Defendant.**

No. 05–35113.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2006.*

Filed June 8, 2006.

Charles S. Lucero, Esq., Lucero & George, Great Falls, MT, for Plaintiffs–Appellants.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

\*\* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

George F. Darragh, Jr., Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before: TALLMAN and BYBEE, Circuit Judges, and HUFF,\*\* District Judge.

MEMORANDUM \*\*\*

The district court did not clearly err in finding that the accident was not caused by the presence or actions of the Blackfeet Law Enforcement Services (BLES) officers. Sufficient evidence supports the district court's determination that the accident was caused by the minor driver's intoxication and failure to properly operate and control the automobile. Similarly, sufficient evidence supports the district court's finding that the officers were not engaged in hot pursuit at the time of the wreck and that negligence by the officers did not cause the accident.

The district court did not abuse its discretion in ruling that evidence of the alleged negligent hiring, training, and retention of BLES officers was irrelevant to the issue of causation. Nor did the district court err in limiting leading questions during cross-examination at the bench trial. *Cf.* FED.R.EVID. 611(c).

Appellants, Patricia and Bradley LaPlant, parents of Marten LaPlant (LaPlant), have not demonstrated that a violation of the BLES's policies and procedures concerning high-speed pursuits occurred

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

or that any action or omission by BLES officers or by the United States was the proximate cause of LaPlant's injuries. For a plaintiff to recover under a theory of negligence per se, the violation of a Montana statute or ordinance enacted for the protection of the public must be the proximate cause of the plaintiff's injuries. *Lutz v. United States,* 685 F.2d 1178, 1184 (9th Cir.1982) (applying Montana law). Appellants did not adduce sufficient proof to demonstrate clear error entitling them to judgment as a matter of law.

Finally, we are unconvinced that the trial court was biased or prejudiced and that Appellants did not receive a fair trial.

AFFIRMED.